United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Demarcus Gene Hubert, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 4:24-cv-02138 |
| Williams Brothers Construction Co., Inc., | § § § | |
| *Defendant.* | § § § § | |

## **MEMORANDUM AND RECOMMENDATION**

On October 4, 2024, Defendant Williams Brothers Construction Co., Inc. ("Williams Brothers") preemptively filed an objection to Plaintiff Demarcus Gene Hubert's planned notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). Dkt. 21. That filing was followed by Hubert's filing of a notice of dismissal without prejudice that invoked Rule 41(a)(1)(A)(i) and (a)(1)(B). Because Williams Brothers failed to substantiate a cognizable basis for its objection, it is recommended that this case be dismissed without prejudice.

### **Legal standard**

Rule 41(a)(1)(A) allows a plaintiff to dismiss his claims without a court order in two situations: (i) by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment; or (ii) by

filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).  In those instances, the dismissal is generally presumed to be without prejudice.  *See id.*, 41(a)(1)(B).

For all other situations, however, "an action may be dismissed at the plaintiff's request only be court order, on terms that the court considers proper."  *Id.*, 41(a)(2).  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  *Id.*

## Analysis

According to Williams Brothers, Hubert cannot rely on Rule 41(a)(1) to dismiss his claims without prejudice because Williams Brothers has already filed its answer, and it has not agreed to such a dismissal.  Dkt. 21 at 1-2. Although Williams Brothers does not oppose dismissal *per* se, it maintains that Hubert should be forced to dismiss his claims *with* prejudice because it "does not wish to expose itself to the possibility of [Hubert] exerting efforts to re-file a Complaint at any time in the future."  *Id.* at 2.

Williams Brothers is correct in one respect, namely that Rule 41(a)(1) does not authorize Hubert's unilateral dismissal of his claims.  As noted above, voluntary dismissals without court order are permitted only if (1) the defendant has yet to file an answer or a motion for summary judgment; or (2) the parties file a mutual stipulation that the case be dismissed.  *See* Fed. R. Civ. P. 41(a)(1)(A).  In this case, Williams Brothers has filed an answer, Dkt. 3,

and has not agreed to any stipulation of dismissal. Rule 41(a)(1) therefore does not apply.

Instead, Rule 41(a)(2) requires Hubert to obtain this Court's authorization to dismiss his claim. Construing this standard, the Fifth Circuit has explained that dismissal without prejudice is warranted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)). Put another way, "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.3 (5th Cir. 2002). Rather, "[t]ypical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *see, e.g.*, *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 269 (5th Cir. 2012) (dismissal with prejudice was warranted where the dismissal "was intended to avoid an imminent adverse result on summary judgment").

Here, Williams Brothers complains that it should not have to face another potential suit after incurring expenses defending itself in this case. *See* Dkt. 21 at 2. That is insufficient to substantiate legal prejudice. *See Manshack*, 915 F.2d at 174; *see also, e.g.*, *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 78 (ordinary losses like inconvenience, discovery costs, and attorneys' fees do not qualify as legal prejudice that forecloses an unconditional voluntary dismissal). Instead, all relevant considerations counsel for dismissing this case without prejudice.

First, this case is in its early stages, being filed barely four months ago. *See* Dkt. 1 (filed June 6, 2024). No hearings have occurred. Nor has the Court issued any substantive rulings. There is not even a scheduling order yet. This factor strongly favors dismissing the suit without prejudice. *See, e.g.*, *John M. Crawley, L.L.C.*, 394 F. App'x at 79 (affirming dismissal without prejudice where "only seven months had elapsed" since the case was removed, "no dispositive motions had been filed, and depositions had not begun"); *Heim v. Harloe Disasters, LLC*, 2022 WL 1047602, at *2 (S.D. Tex. Mar. 23, 2022) (emphasizing early stage of the case as a factor heavily favoring dismissal without prejudice), *adopted by* 2022 WL 1046155 (S.D. Tex. Apr. 2022).

Second, Hubert does not face any imminent adverse rulings. Indeed, other than Williams Brothers's objection to dismissal without prejudice, no motions have been filed. *See id.* This factor, too, favors Hubert's request.

4

Third, Williams Brothers has not asserted that dismissing the case without prejudice would deprive it of a limitations defense or otherwise impair its rights if the case were refiled. *See* Dkt. 21. In short, all factors uniformly support granting Hubert's request to dismiss the case without prejudice.

Finally, Williams Brothers insists that the Court should defer addressing the foregoing issues until the initial conference occurs on October 9, 2024. *See* Dkt. 21 at 2. But it makes little sense to provide Williams Brothers an opportunity to incur more fees and costs at a hearing—and then complain (incorrectly) that its defense costs amount to prejudice—when settled law holds that Hubert should be allowed to dismiss his claims without prejudice. And given the incipient stage of this case, the imposition of fees and costs against Hubert as a condition of dismissal would be unwarranted. *See, e.g.*, *John M. Crawley, L.L.C.*, 394 F. App'x at 79 (affirming district court's denial of defendant's request to assess fees and costs). Accordingly, this Court should treat Hubert's Rule 41(a)(1)(A) filing as a motion for voluntary dismissal under Rule 41(a)(2) and grant the motion.

**Order and Recommendation**

For the foregoing reasons, it is **ORDERED** that the initial scheduling conference on October 9, 2024, is **CANCELED**.

It is **RECOMMENDED** that this Court construe Plaintiff Demarcus Gene Hubert's "Notice of Voluntary Dismissal without Prejudice" (Dkt. 22) as a motion for dismissal under Fed. R. Civ. P. 41(a)(2), **GRANT** the motion, and enter a final judgment that dismisses all claims **without prejudice**.

Signed on October 7, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge